Li v. Holder

BIA
A077 551 877

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges*.

_____

SAIQING LI,
> *Petitioner*,

> - v.-

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-4122-ag
NAC

_____

FOR PETITIONER: Michael Brown, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette Marie Wietecha, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREE, that the petition for review is DENIED.

Petitioner Saiqing Li, a native and citizen of the People's Republic of China, seeks review of the September 20, 2010, decision of the BIA denying her motion to reopen. *In re Saiqing Li*, No. A077 551 877 (B.I.A. Sept. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Li's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (providing that this Court review the denial of reopening for abuse of discretion). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i) (2006); 8 C.F.R. § 1003.2(c)(2)(2011). There is no dispute that Li's 2010 motion was untimely, as the final administrative decision was issued in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). That time limitation, however, does not apply to a motion to reopen if the motion is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii)(2011); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii)(2006). Li contends that her participation, while in the United States, in the China Democracy Party ("CDP") constitutes such changed circumstances.

Li's political activities in the United States reflect a self-induced change in personal circumstances and therefore do not exempt her motion from the applicable bars. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, the BIA correctly concluded that Li failed to demonstrate a material change in country conditions as the evidence she submitted did not concern similarly-situated individuals who were persecuted in China based on their

2

activities in the United States. Li asserted that the treatment of CDP members in China had become significantly worse over time. The evidence she submitted, however, showed only that between Li's 2003 removal proceedings and the filing of her motion to reopen the Chinese government's treatment of CDP members had not changed or worsened. Indeed, the evidence that Li submitted showed that CDP members have been targeted by the Chinese government as long ago as 1999.

Because we find no abuse of discretion in the BIA's conclusion that Li failed to demonstrate changed country conditions, we need not reach her argument that she established prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3